NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 6 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARK CHARLES HANSON, | No.   21-55640 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-08425-MAA |
| v. | |
| MARTIN J. O'MALLEY, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Maria A. Audero, Magistrate Judge, Presiding

Submitted February 6, 2024**

Before:    D. NELSON, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

Mark Charles Hanson (Hanson) appeals pro se the district court's affirmance

of the Commissioner of Social Security's denial of his application for disability

insurance benefits under Title II of the Social Security Act.  We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We review de novo a district court's order affirming a denial of Social Security benefits. *Revels v. Berryhill*, 874 F.3d 648, 653–54 (9th Cir. 2017) (citing *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015)). We may reverse a denial of benefits only when the decision is "based on legal error or not supported by substantial evidence in the record." *Id.* at 654 (quoting *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003)).

On appeal, Hanson claims that the administrative law judge (ALJ) failed to properly assess the opinion of Plaintiff's treating physician, and improperly credited the opinion of an examining consultative physician. "[A]n ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole or by objective medical findings." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014). Where a treating physician's opinion is controverted by the opinion of another physician, an ALJ must provide "specific and legitimate reasons that are supported by substantial evidence" to reject the opinion. *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017).

The ALJ did not err in assigning reduced weight to the treating physician's opinion. To support his determination, the ALJ cited inconsistencies between the treating physician's opinion and the record as a whole, inconsistencies between the opinion and Hanson's activities of daily living, and internal inconsistencies within

2

the opinion itself. These inconsistencies are specific and legitimate reasons that "a reasonable mind might accept as adequate to support" the ALJ's conclusion that the treating physician's opinion was not consistent with and supported by the record. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation and internal quotation marks omitted). Any error in the ALJ's additional reason for affording the treating physician's opinion reduced weight was harmless because it was "inconsequential to the [ALJ's] ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation and quotation marks omitted).

Nor did the ALJ err in assigning substantial weight to the portion of the examining consultative physician's opinion stating that Hanson could stand and walk up to six hours, with normal breaks, with more standing than walking, and could frequently climb, balance, stoop, kneel, crouch, and crawl. Substantial evidence supports the ALJ's decision to afford this portion of the opinion great weight as consistent with the record as a whole and consistent with Hanson's activities of daily living. *See Batson*, 359 F.3d at 1196. Finally, the ALJ provided specific and legitimate reasons for not accepting the examining consultative physician's opinion in its entirety and affording reduced weight to much of this opinion because it did not adequately consider Hanson's subjective complaints. *Tommasetti*, 533 F.3d at 1041–42.

**AFFIRMED**.